Mary D. Burke *vs.* Ephraim Cole, administratoɪ.

In an action by a married woman for the value of services performed by her, evidence that during their performance and for some time previously she had lived apart from her husband, who did nothing for her support, is competent evidence that they were performed on her sole and separate account; and the question whether they were so performed is, upon such evidence, one for the jury.

Contract. The declaration contained two counts; the first for labor and housework done for Lewis Smith, the defendant's intestate; the second on a contract between the plaintiff and Smith, that if she would keep house for him he would pay her a thousand dollars, with averment of her performance of her part of the contract.

At the trial in the superior court, before *Rockwell*, J., the plaintiff introduced evidence tending to show that her husband, Willis Burke, was an intemperate man and treated her badly, and at the end of 1860 or beginning of 1861 she left him for that reason, and afterwards lived for a time with some of her relatives; that in the autumn of 1861 she made an agreement with Smith, who was a widower, to become his housekeeper, and in pursuance of it went to his house and kept it for him until he died in January 1864; that while she lived with her relatives before going to Smith's house, she traded at the village shop in her own name and on her own account; that during the whole period at Smith's house she made and sold suspenderstraps; and that during this period her husband sent her an oral message by their minor son, that she might live there and take

care of herself and he would take care of himself. After **the** plaintiff rested, the judge ruled that there was not sufficient evidence of a state of things which entitled her to sue as if she were sole ; and a verdict was taken for the defendant. The plaintiff alleged exceptions.

*E. B. Gillett,* for the plaintiff.

*C. Delano,* for the defendant.

FOSTER, J. This action was by a married woman to recover compensation for her personal services. A married woman may under our present laws " perform any labor or services on her sole and separate account," and " may sue and be sued in all matters having relation to her separate property, business, trade, services, labor and earnings, in the same manner as if she were sole." Gen. Sts. *c.* 108, § 3.

The fact that the plaintiff had for a number of years lived apart from her husband who did nothing for her support, was competent evidence from which a jury was at liberty to infer that the particular contract relied upon and services performed were actually made and performed by her on her sole and separate account. This question could not properly be withdrawn from the jury. *Spaulding* v. *Day,* 10 Allen, 96.

*Exceptions sustained.*